**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**TOPEKA DIVISION**

| | | |
|---|---|---|
| **GRETA O'BRIEN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CURO HEALTH SERVICES LLC,** | ) | **TOPEKA DIVISION REQUESTED** |
| **dba: KINDRED AT HOME** | ) | |
| **dba: AVALON HOSPICE** | ) | |
| Serve at: | ) | |
| 655 Brawley School Road, Suite 200 | ) | |
| Mooresville, NC 28117 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and for her Complaint states the following to the Court:

## PARTIES

1.  Plaintiff Greta O'Brien (hereinafter sometimes referred to as "Plaintiff") applied for employment with Defendant Curo Health Services LLC, DBA: Avalon Hospice LLC (hereinafter sometimes referred to as "Defendant").

2.  Plaintiff was subjected to pervasive age discrimination and retaliation by one or more agents and/or employees of Defendant.

3.  Plaintiff is a Caucasian female over the age of 40 and a resident of the state of Kansas.

4.     Defendant is a foreign Limited Liability Company organized under the laws of the State of Delaware.

5.     Defendant during the relevant time period of this cause of action acquired SouthernCare Inc. dba Avalon Hospice.

6.     Plaintiff applied for her employment with Defendant in early July of 2019.

7.     SouthernCare Inc. is a foreign for-profit corporation in active and good standing in the state of Kansas.

8.     At all relevant times, Defendant was authorized to conduct business in the State of Kansas and was conducting continuous and systematic business in the State of Kansas.

9.     At all relevant times, Plaintiff applied for a position with Defendant at Defendant's location in Topeka, Kansas.

10.     Defendant had more than twenty (20) employees on all relevant dates contained herein.

**JURISDICTION AND VENUE**

11.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

12.     Jurisdiction and venue are proper in the district of Kansas pursuant to 28 U.S. Code § 1331.

13.     The Topeka, Kansas division of the District of Kansas is the proper venue for this action as Topeka is where this cause of action arose.

14.     Plaintiff received one Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on or about November 2, 2020. A copy of Plaintiff's Notice of Right to Sue from the EEOC is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

15.     Plaintiff's cause of action arises out of conduct that took place in the state of Kansas.

## ADMINISTRATIVE PROCEDURES

16.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

17.     On or about January 6, 2020, Plaintiff timely filed – with the Equal Employment Opportunity Commission ("EEOC") – a charge of discrimination against Defendant on the basis of Age discrimination and retaliation. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

18.     On or about October 30, 2020, the EEOC issued Plaintiff a Notice of Right to Sue (see Plaintiff's Exhibit 1) related to the Charge of Discrimination identified above, and this lawsuit is being filed within 90 days of Plaintiff's receipt of the EEOC's issuance of said Notice.

19.     Plaintiff received the EEOC's Notice of his Right to Sue on or about November 2, 2020.

20.     The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and,

accordingly, the sweep of this judicial Complaint may be, and is, as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

21.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

23.     Plaintiff applied with Defendant for the position of Patient Care Manager at their Topeka location in July of 2019.

24.     Plaintiff is a woman over the age of 40 and as such is within the class of persons protected by the Age Discrimination in Employment Act 29 U.S.C. §621, et seq. (hereinafter sometimes "ADEA").

25.     In August of 2018 Defendant's Director of Operations Evon Smith ("Smith") began attempting to fill the Patient Care Manager position.

26.     In July of 2019, Plaintiff interviewed with Smith.

27.     Smith determined that Plaintiff was a nurse so qualified for the position, she had been certified to testify as an expert in nursing in court on several occasions.

28.     Plaintiff has over 25 years of nursing experience, with many of those years spent working with end-of-life care.

29.     Plaintiff also had experience working in high-pressure situations such as Intensive Care Units as both a direct care nurse and in a managerial role.

30.     Plaintiff has also worked for several years as a house supervisor at Shawnee Mission Medical Center.

31.     Plaintiff also worked as a state nursing surveyor for over a year and a half.

32.     Smith determined Plaintiff was more than qualified for the position as well as a passionate candidate.

33.     Smith recommended Plaintiff for hiring to Cora Webster ("Webster").

34.     Defendant's corporate management insisted O'Brien interview a second time with a corporate manager before hiring.

35.     On or about July 8, 2019, O'Brien interviewed a second time with Cherry Hill ("Hill") via telephone conference.

36.     During the course of that interview, Hill discovered O'Brien was a grandmother.

37.     Hill sounded concerned when she discovered O'Brien was a grandmother.

38.     Hill was concerned that Plaintiff was raising grandchildren and that Plaintiff would not grasp the investment the position required.

39.     After Hill determined Plaintiff was a grandmother, her demeanor changed.

40.     Hill began ignoring or belittling Plaintiff's responses to questions and cut the interview short.

41.     Hill refused to discuss Plaintiff's resume.

42.     Hill sent follow-up email to Webster and Defendant's Human Resources representative Jill Davis describing Hill's impression of Plaintiff's interview on July 8, 2019.

43.     Hill noted prominently in this email, in the very second sentence, that Plaintiff was "raising grandchildren."

44.     Hill also noted with quotation marks and a dash before the quote that Plaintiff's answer to a question about her management strengths was that she was good at "mentoring younger staff."

45.     When Evon Smith was informed Plaintiff would not be hired, she told both Hill and Webster that Smith disagreed with refusing to hire Plaintiff because Plaintiff was such a strong candidate.

46.     A few days later on July 23, 2019 Smith was terminated.

47.     Smith was replaced by Victoria McClintok a 35-year-old woman with less experience and education than Smith.

48.     Three days after the interview with Hill, Plaintiff reached out to Defendant's Human Resources representative Jill Davis ("Davis").

49.     Plaintiff stated she felt that Hill became hostile after discovering Plaintiff's age and "grandmother status."

50.     Plaintiff stated she believed Hill did not like the fact that Plaintiff was an older nurse.

51.     Plaintiff stated she believed her age was the reason Hill had turned dismissive and hostile during the interview.

52.     Davis stated she would forward Plaintiff's concerns to the Vice President.

53.     The next communication Plaintiff had with Defendant's Human Resources department was July 11, 2019 where she was informed they were refusing to hire her.

54.     Upon information and belief, a less qualified younger candidate was selected instead of Plaintiff.

## COUNT I- FAILURE TO HIRE
### *Violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et seq.*

55.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

56.     Plaintiff by virtue of her age being over 40 is a member of a class of persons protected by the ADEA.

57.     Plaintiff was otherwise qualified for the position she applied for with Defendant.

58.     Defendant refused to hire Plaintiff.

59.     Defendant would have hired Plaintiff but for Plaintiff's age.

60.     Defendant hired a younger less qualified person to fill the position.

61.     Defendant's stated reason(s) for refusing to hire Plaintiff were not the real reasons but were pretext to hide age discrimination.

62.     Defendant knew refusing to hire Plaintiff was in violation of federal law prohibiting age discrimination, or acted with reckless disregard of that law.

63.     Defendant's conduct was willful, wanton and malicious.

64.     As a result of Defendant's actions, Plaintiff has been deprived of wages and benefits she would have earned in her employment with defendant if she had not been discharged.

65.     As a result of Defendant's action Plaintiff has lost the value of benefits, such as employer-subsidized health, life, disability and other forms of insurance, contributions to retirement, accrued vacation, and other such fringe benefits.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, punitive, nominal, and/or liquidated is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – RETALIATION
### *Violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et seq*

66.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

67.     At all relevant times, Defendant was an employer covered by and within the meaning of the ADEA.

68.     Plaintiff engaged in conduct protected under the ADEA by reporting, or complaining she was being discriminated against on the basis of age.

69.     Defendant then refused to hire Plaintiff.

70.     Defendant's refusal to hire Plaintiff might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a complaint of age discrimination.

71.     Plaintiff's exercise of her rights under the ADEA were the motivating and/or determining factors in Defendant's decision to not hire Plaintiff.

72.     Defendant would not have refused to hire Plaintiff but for Plaintiff's complaints of age discrimination.

73.     Defendant's stated reason(s) for refusing to hire Plaintiff are pretext to hide retaliation.

74.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

75.     Defendant's conduct was willful.

76.     Thus, Plaintiff is entitled to an award of liquidated damages.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or liquidated damages – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

*/s/ Nicholas J. Dudley*

Nicholas J. Dudley   #78251
EmmaLee A. Wilson #78952
1114 West Main Street
Blue Springs, Missouri 64015
Telephone:   (816) 224-9500
Facsimile:   (816) 224-9503
Email:        ndudley@hdtriallawyers.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Complaint was filed with the

Clerk of Court, this the 28th day of January 2021.

/s/ Nicholas J. Dudley